IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JEROME M. MERAZ**                                                                                            **PLAINTIFF**

V.                                          **CASE NO. 5:23-CV-5044**

**CORPORAL TOM MULVANEY,**
**Washington County Detention Center (WCDC);**
**CORPORAL CORLEY, WCDC;**
**JAILER CAMERON STOUT, WCDC;**
**CORPORAL DOMINICK NUNZIATO, WCDC;**
**CORPORAL BENJAMIN VELASCO, WCDC;**
**CORPORAL CHRISTOPHER DRUMWRIGHT, WCDC;**
**and SERGEANT RANDELL FULLER**                                                               **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 106) filed on April 9, 2025, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. He recommends that Defendants' Motion for Summary Judgment be granted. Plaintiff Jerome M. Meraz filed Objections to the R&R (Doc. 107), and the Court undertook a *de novo* review of the record in response.

Mr. Meraz makes three claims in his lawsuit: (1) he was denied access to the courts; (2) the Washington County Detention Center improperly classified him as a sex offender and required him to live in the sex offender pod; and (3) he was denied the right to groom in the manner he desired.

With respect to the first claim, Mr. Meraz's objection fails to engage with the R&R's conclusion that he has not asserted an actual injury—which means the claim must be dismissed as a matter of law. As to the second claim, though Mr. Meraz maintains that the conditions in the sex offender pod amount to punishment because that pod is more

1

dangerous than general population and offers fewer perks and benefits, *see* Doc. 107, p. 3, the Court agrees with the Magistrate Judge that there is no evidence in the summary judgment record to show that Mr. Meraz's placement in the sex offender pod was the result of Defendants' intent to punish him, or was not reasonably related to a legitimate governmental purpose, or was excessive in relation to that purpose. Finally, despite the fact that Mr. Meraz believes the jail's grooming policy violates his rights, the Magistrate Judge is correct that an incarcerated individual has no constitutional right to groom in his desired manner, and the record does not disclose any evidence from which a reasonable jury could infer that the policy was punitive in nature, rather than one based on the needs of the facility.

**IT IS THEREFORE ORDERED** that the Objections are **OVERRULED**, and the R&R (Doc. 106) is **ADOPTED IN ITS ENTIRETY**. The Motion for Summary Judgment (Doc. 91) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**. Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 24th day of April, 2025.

*/s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE